1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARL GERMAINE DIXON,

11                   Plaintiff,                    No. CIV S-06-0811 FCD DAD P

12        vs.

13   D. SHELDON, et al.,

14                   Defendants.            ORDER

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28

18   U.S.C. § 1915.  Plaintiff has not, however, filed a certified copy of his prison trust account

19   statement for the six month period immediately preceding the filing of the complaint.  See 28

20   U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a certified copy of his

21   prison trust account statement.

22              The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   /////

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

2  U.S.C. § 1915A(b)(1),(2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10       A complaint, or portion thereof, should only be dismissed for failure to state a

11  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

12  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

13  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

14  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15  complaint under this standard, the court must accept as true the allegations of the complaint in

16  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

17  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

18  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19       Here, plaintiff alleges that he was an innocent bystander during a fight among

20  several inmates at CSP-Sacramento, and that he was injured when shots were fired by

21  correctional officers responding to the disturbance.  Plaintiff contends that there was a delay in

22  obtaining medical treatment and that he was placed in administrative segregation although he

23  was not involved in the fight.  Subsequently, plaintiff was found guilty at a disciplinary hearing

24  for failing to follow orders to get down on the ground during the fight.  Plaintiff contends that he

25  was found guilty as a cover-up for mistakes committed by correctional staff.

26  /////

1       The court finds that plaintiff has failed to adequately identify the nature of his

2   claims and has also failed to allege sufficient facts demonstrating the involvement of each

3   defendant named in his complaint.  Therefore, the court will dismiss the complaint and plaintiff

4   will be granted leave to file an amended complaint.  Plaintiff is advised that if he is pursuing a

5   due process claim, he must identify the protected liberty interest, and allege facts which would

6   show that he was deprived of that liberty interest without proper procedures.  Protected liberty

7   interests may arise from either the due process clause or from state law.  Sandin v. Conner, 515

8   U.S. 472 (1995); Hewett v. Helms, 459 U.S. 460, 466 (1983); Wolff v. McDonnell, 418 U.S.

9   539, 557-58 (1974).  States may create liberty interests that are protected by the due process

10  clause, but those interests are "generally limited to freedom from restraint which, while not

11  exceeding the sentence in such an unexpected manner as to give rise to protection by the Due

12  Process Clause of its own force, nonetheless imposes atypical and significant hardship on the

13  inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

14      Plaintiff must also clarify whether he lost time credits as a result of the

15  disciplinary action taken against him.  Moreover, plaintiff is informed that a prisoner's challenge

16  to the procedures used in a disciplinary proceeding resulting in the denial of good-time credits is

17  not cognizable under § 1983 unless the disciplinary conviction at issue has been reversed,

18  expunged, or called into question by issuance of a writ of habeas corpus.  Edwards v. Balisok,

19  520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

20      If plaintiff is pursuing a claim concerning constitutionally inadequate medical

21  care, that would be an Eighth Amendment claim and plaintiff must allege "acts or omissions

22  sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v.

23  Gamble, 429 U.S. 97, 106 (1976).  A claim of constitutionally inadequate medical care has two

24  elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's

25  response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  A medical

26  need is serious "if the failure to treat the prisoner's condition could result in further significant

1   injury of the 'unnecessary and wanton infliction of pain.'"  974 F.2d at 1059 (quoting Estelle,

2   429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical

3   condition that significantly affects an individual's daily activities."  Id. at 1059-60.  In

4   demonstrating the existence of a serious medical need, a prisoner satisfies the objective

5   requirement for proving an Eighth Amendment violation.  See Farmer v. Brennan, 511 U.S. 825,

6   834 (1994).  Plaintiff must also allege facts demonstrating that defendants responded to the

7   serious medical need with deliberate indifference.  Farmer, 511 U.S. at 834.

8          Before it can be said that a prisoner's civil rights have been abridged with regard

9   to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

10  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

11  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate

12  indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

13  ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835 (quoting

14  Whitley v. Albers, 475 U.S. 312, 319 (1986)).  A physician need not fail to treat an inmate

15  altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial,

16  884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

17  even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

18  Id.  However,  mere differences of opinion between a prisoner and prison medical staff as to

19  proper medical care do not give rise to a § 1983 claim.  See Sanchez v. Vild, 891 F.2d 240, 242

20  (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

21         Additionally, mere delay in medical treatment without more is insufficient to state

22  a claim of deliberate medical indifference.  See Shapley v. Nevada Bd. of State Prison Com'rs,

23  766 F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful,

24  there is no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060

25  (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990) and Hudson v. McMillian,

26  503 U.S. 1, 5-9 (1992)).  A finding that an inmate was seriously harmed by the defendant's

action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry.  McGuckin, 974 F.2d at 1060.  In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established "deliberate indifference on the part of the defendant."  Id. at 1061.

The amended complaint must allege in specific terms how each named defendant is involved in each alleged constitutional violation.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff shall submit, within thirty days from the service of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.

2.  Plaintiff's complaint is dismissed.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; plaintiff must file an original and two copies of the amended complaint.

       4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

       5. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

DATED: April 19, 2006.

                       DALE A. DROZD
                       UNITED STATES MAGISTRATE JUDGE

DAD:mp/4
dixo0811.14